peals of Stark county to certify its record. Harry Wolfe and C. A. Fisher, Dayton, for plaintiff; Turner, Ake, Abt & Gnau, Herbruck, Black, McCusky & Ruff, Canton, and Jas. Robertson, Canton, for defendants.

18229—State of Ohio, ex rel Edward Stanton, Prosecuting Attorney of Cuyahoga County v. Homer G. Powell; In Quo Warranto. E. C. Stanton, Pros. Atty., H. E. Parsons and Geo. C. Hanson, Cleveland, for plaintiff.

18230—William Harris v. James Weaver, George Martin, the Dayton Securities Co. and the Dayton Metal Products Co.; motion for an order directing the Court of Appeals of Hamilton county to certify its record. Jos. Conroy and W. J. Overbeck, Cincinnati, for plaintiff; John Campbell, Edward Schorr and Province Pogue, Cincinnati, and Murray Smith, Dayton, for defendants.

18231—The State of Ohio ex rel the Standard Oil Co. v. O. K. Harris, as building inspector of the city of Warren, Ohio. In mandamus. Niman, Grossman, Buss & Haliday, Cleveland, for plaintiff.

18233—The State of Ohio ex rel James K. Lindley v. The Maccabees, a Michigan Corporation; in Quo Warranto. F. S. Monnett and M. V. Kessler, Columbus, for plaintiff.

---

### SUPREME COURT OF OHIO
#### SYLLABI OF CASES
Decided December 4, 1923
See General Docket, Ante.

No. 17960—The Pennsylvania Railroad Co. v. The Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio. (Filed in Supreme Court, April 30, 1923).

---

### 311. RAILROADS.

Switch connections with side tracks for interstate traffic—Ohio P. U. C. has jurisdiction in intrastate traffic matters.

**DAY, J.**

Paragraph 9, Section 1, of the Transportation Act, as amended February 28, 1920, relating to a switch connection with a private sidetrack for one tendering interstate traffic for transportation, does not deprive the Public Utilities Commission of Ohio of jurisdiction in matters relating to purely intrastate traffic, where interstate or foreign commerce is not affected.

Order affirmed.

Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur.

No. 17988—The Lake Erie, Alliance & Wheeling Railroad Company et al v. The Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio. (Filed in Supreme Court, May 22, 1923).

### 311. RAILROADS.

Physical connections between lines—Jurisdiction between Ohio Public Utilities and Interstate Commerce Commissioners, where application has been made to both.

**DAY, J.**

Where a railroad engaged in interstate and intrastate commerce invokes the jurisdiction of the Interstate Commerce Commission for an order requiring another railroad likewise engaged in interstate and intrastate commerce to join in making a physical connection between the two lines, pursuant to paragraph 3, Section 3, of the Transportation Act of February, 1920, and before final determination thereof, such applicant road, without dismissing such proceeding before the Interstate Commerce Commission, makes application to the Public Utilities Commission of Ohio for exactly the same connection, and secures the same in so far as intrastate commerce is concerned, and thereafter the Interstate Commerce Commission, whose jurisdiction was first invoked, having fully heard the original application, denies the same upon grounds affecting both interstate and intrastate commerce, Held: Under such circumstances the jurisdiction of the Interstate Commerce Commission is exclusive and the Public Utilities Commission of Ohio was without jurisdiction to grant such order.

Order reversed.

Marshall, C. J., Robinson, Jones and Matthias, JJ., concur. Wanamaker, J., dissents.

---

No. 17848—Pearl K. Riley, also known as Pearl K. Sauerwein, v. Patrick McNichol et al, County Commissioners of Columbiana County. Error to the Court of Appeals of Columbiana county.

### 326A. ROADS AND HIGHWAYS.

Corrugated lead pipe at bottom of an embankment held not a culvert within meaning of 7563 GC, so as to impose liability for failure to erect and maintain guard rails.

**JONES, J.**

A board of county commissioners constructed a highway 24 feet in width, with a 14-foot paved brick road in the center. At the bottom of the embankment it inserted a 24-inch corrugated iron pipe 44 feet in length; this pipe was 13 feet below the surface level of the traveled highway and the ends thereof 10 feet distant therefrom. Held: Such pipe was not a "culvert" within the meaning of Section 7563, General Code, and the board is not liable for failure to erect and maintain guard rails at a point on the highway above such pipe, or on the side of an approach thereto

Judgment affirmed.

Marshall, C. J., Matthias and Day, JJ., concur.

(Filed in Supreme Court, Feb. 6, 1923).